UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL,<br>      *Plaintiff,*<br><br>      *v.*<br><br>GATE GOURMET DIVISION AMERICAS, and GATE GOURMET, INC.,<br>      *Defendants*. | Civil Action No. 05-01210 (EGS) |

**MOTION BY PLAINTIFF IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL FOR PRELIMINARY INJUNCTION**

Plaintiff IBT/HERE Employee Representatives' Council ("Council") respectfully requests pursuant to Rule 65(a), Fed. R. Civ. P., that this Court issue a preliminary injunction enforcing the status quo obligation of the Railway Labor Act, 45 U.S.C. § 151, *et seq*., and preserving the jurisdiction of the adjustment board established by defendant Gate Gourmet, Inc., operating through its division, defendant Gate Gourmet Division Americas (collectively, "Gate Gourmet"), and the Council pursuant to Section 204 of the Railway Labor Act, 45 U.S.C. § 184, to resolve disputes arising from the interpretation or application of agreements concerning rates of pay, rules, or working conditions. In particular, the Council requests that Gate Gourmet, its officers, agents, and all persons acting in concert with them, be enjoined from implementing on or after July 1, 2005, Gate Gourmet's announced intention of discontinuing the payment of Gate Gourmet's portion of the costs for the Medical Care coverage to which Gate Gourmet's employees are entitled under the collective bargaining agreement between Gate Gourmet and the Council. Plaintiff requests that this injunction remain in effect until further action by this Court or until either Gate Gourmet's Health Care obligations under the NMA are modified in accordance with the provisions of the Railway Labor

Act, or the Gate Gourmet-Council System Board of Adjustment has issued a final award resolving the grievance over Gate Gourmet's contention, which has been made in bad faith, that it has a contractual right to discontinue paying its portion of the costs for Health Care coverage.

Plaintiff is filing with this motion a Memorandum of Law and various declarations, which collectively show that Gate Gourmet will discontinue paying its portion of the Health care costs as of July 1, 2005; that such a discontinuance of payments has been proposed in bad faith and will alter the actual, objective working conditions of Gate Gourmet employees who are represented by plaintiff Council in violation of the duty imposed by Section 2 First of the Railway Labor Act, 45 U.S.C. § 152 First, to exert every reasonable effort to make and maintain agreements, as well as in violation of the status quo obligation that the Railway Labor Act, 45 U.S.C. § 151, *et seq*. imposes upon Gate Gourmet while the parties are negotiating proposed changes to existing collective bargaining agreements; and that, unless restrained, Gate Gourmet will commit this unlawful act.

Plaintiff further submits that it is also entitled to the preliminary injunction it seeks, because such an injunction is necessary to preserve the jurisdiction of the adjustment board that the Council and Gate Gourmet have established pursuant to Section 204 of the Railway Labor Act to resolve disputes involving the interpretation or application of agreements concerning rates of pay, or working conditions. Unless defendants are restrained as requested above, Gate Gourmet will discontinue its payment of Gate Gourmet's share of the Health Care costs effective July 1, 2005. That unilateral change in agreements will irreparably harm employees represented by the Council by depriving many of those employees of Medical and Hospitalization insurance coverage in violation of both the Railway Labor Act and the applicable collective bargaining agreement. The resultant loss of medical insurance coverage will deprive many employees of needed medical care

while the adjustment board considers Gate Gourmet's contract interpretation question, but the adjustment board will have no power to restore the employees to the medical health they and their families enjoyed before they were deprived of the medical coverage to which they were entitled under the collective bargaining agreement between Gate Gourmet and the Council. Thus, Gate Gourmet's implementation of its planned discontinuance of Health Care payments as of July 1, 2005, will make it impossible for the adjustment board to render meaningful relief once it rejects Gate Gourmet's contention that the company has a contractual right to take the contested action.

Plaintiff Council also requests that, in light of the public's interest in requiring carriers to comply with their duties under the Railway Labor Act, this Court impose a minimal bond of no more than $5,000.

**WHEREFORE**, plaintiff Council respectfully requests that this Court issue a preliminary injunction enjoining defendant Gate Gourmet, Inc., its division, Gate Gourmet Division Americas, their officers, agents, and all persons acting in concert with them, from failing to pay Gate Gourmet's portion of the costs for the Medical Care coverage to which Gate Gourmet employees are entitled under the collective bargaining agreement between Gate Gourmet and the Council. Plaintiff also requests that this injunction remain in effect until either further order by this Court or until the Gate Gourmet-Council System Board of Adjustment has issued a final award resolving the grievance over Gate Gourmet's contention that it has a contractual right to discontinue paying its portion of the costs for the Health Care coverage.

                                      Respectfully Submitted,


                                      /s/ John O'B. Clarke, Jr.
                                  John O'B. Clarke, Jr. (Bar No. 044685)
                                  HIGHSAW, MAHONEY & CLARKE, P.C.
                                  1050 17th Street, N.W., Suite 444
                                  Washington, D.C. 20036
                                  (202) 296-8500


                                      /s/ Roland P. Wilder, Jr.
                                  Roland P. Wilder, Jr. (Bar No. 69069)
                                  Susan Boyle (Bar No. 441102)
                                  BAPTISTE & WILDER, P.C.
                                  1150 Connecticut Ave., N.W., Suite 500
                                  Washington, DC 20036
                                  (202) 223-0723

DATE: June 24, 2005                    Attorneys for Plaintiff Council

## CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of June, 2005, caused a copy of the foregoing Motion For A Preliminary Injunction to be served upon counsel for defendants Gate Gourmet Division Americas and Gate Gourmet, Inc., by causing a copy thereof to be hand delivered to the offices of:

>Thomas Jerman
>O'Melveny & Myers LLP
>1625 Eye Street, N.W.
>Washington, D.C. 20036

and by emailing the same to: tjerman@omm.com.

>　　　/s/ John O'B. Clarke, Jr.　　　
>John O'B. Clarke, Jr.