UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBT/HERE EMPLOYEE REPRESENTATIVES'<br>COUNCIL,<br>1125 17th Street, N.W., Suite 504<br>Washington, D.C. 20036<br>　　*Plaintiff*,<br><br>　　*v.*<br><br>GATE GOURMET DIVISION AMERICAS,<br>11710 Plaza America Drive, Suite 800<br>Reston, VA 20190<br><br>　　*and*<br><br>GATE GOURMET, INC.<br>11710 Plaza America Drive, Suite 800<br>Reston, VA 20190<br>　　*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-01210 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PRELIMARY INJUNCTION ORDER

　　AND NOW, this ___ day of June 2005, upon consideration of Plaintiff's Amended Verified Complaint, Application for a Preliminary Injunction Order and Memorandum, Exhibits and Declaration in Support, the response thereto, and argument of counsel, and upon the Court's finding as follows:

　　1.　　Defendants have violated the status quo obligation of the Railway Labor Act, 45 U.S.C. § 151, *et seq.*, and the Act's duty to exert every reasonable effort to make and maintain agreements;

　　2.　　The employees of Defendants who are represented by the Plaintiff will suffer immediate, irreparable injury by the loss of their Health Care coverage if Defendants' action is not enjoined pending final resolution of Plaintiff's grievance that is

1

currently pending before the system board established by the Plaintiff and the Defendants; and

3. The jurisdiction of the system board to consider the Plaintiff's grievance will be nulliffied while the Plaintiff's Application for a Preliminary Injunction is being considered by the Court if Defendants are not restrained from discontinuing the payment of the company's portion of costs for the Health Care coverage for its hourly employees.

WHEREAS, it is hereby ORDERED that Plaintiff's Application is GRANTED.

IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees and all others acting in concert with them are enjoined and restrained from failing to pay Defendants' portion of the cost for health insurance coverage of Gate Gourmet's hourly employees who are covered under the National Master Agreement and who were enrolled in Gate Gourmet's health benefits plan as of May 12, 2005.

IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees and all others acting in concert with them shall continue to make contributions for the Health Care coverage of Gate Gourmet's hourly employees who are covered under the National Master Agreement and who were enrolled in Gate Gourmet's health benefit plan as of May 12, 2005, to the same extent and in the same amount that Gate Gourmet has been paying for contributions for covered employees since January 1, 2005, and any increase, fees or penalties required by the insurance carrier or other provider required to provide the same Health Care coverage.

IT IS FURTHER ORDERED that Plaintiff shall post a bond of no more than $5,000.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in full force and effect until the parties ratify a new collective bargaining agreement, the Gate

Gourmet-Council System Board of Adjustment issues a final award resolving the grievance regarding the Defendants' alleged right to discontinue such payment for its hourly employees who are covered by the National Master Agreement, or until further Order of this Court, whichever first occurs.

BY THE COURT:

_____

United States District Judge

Copies to:

   John O'B. Clarke, Jr., Esq.
   HIGHSAW, MAHONEY & CLARKE, P.C.
   1050 17th Street, N.W., Suite 444
   Washington, D.C. 20036
   (t)(202) 296-8500
   (f)(202) 296-7143

   Roland P. Wilder, Jr., Esq.
   Susan Boyle, Esq.
   BAPTISTE & WILDER, P.C.
   1150 Connecticut Ave., N.W., Suite 500
   Washington, DC 20036
   (t)(202) 223-0723
   (f)(202) 223-9677

Attorneys for Plaintiff Council

   Tom A. Jerman, Esq., Esq.
   O'MELVENY & MYERS, LLP
   1625 Eye Street, N.W.
   Washington, DC 20006
   (t)(202) 383-5233
   (f)(202) 383-5414

Attorney for Defendants