## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL, | ) ) | |
| *Plaintiff,* | ) ) | |
| *v.* | ) ) | Civil Action No. 05-01210 (EGS) |
| GATE GOURMET DIVISION AMERICAS, and GATE GOURMET, INC., | ) ) ) | |
| *Defendants.* | ) ) | |

## APPLICATION BY PLAINTIFF IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL FOR A TEMPORARY RESTRAINING ORDER

Plaintiff IBT/HERE Employee Representatives' Council ("Council") respectfully requests pursuant to Rule 65(b), Fed. R. Civ. P., that this Court issue a Temporary Restraining Order restraining Gate Gourmet, Inc., operating through its division, Gate Gourmet Division Americas (collectively, "Gate Gourmet"), their officers, agents, and all persons acting in concert with them, from implementing during the duration of the Restraining Order Gate Gourmet's announced intention to discontinue as of July 1, 2005, paying the company's portion of the costs for the Medical Care coverage to which Gate Gourmet's employees are entitled under the collective bargaining agreement between Gate Gourmet and the Council. Plaintiff further requests that this Court schedule a hearing on the Council's Motion For A Preliminary Injunction within five (5) days of the date that this Court rules upon this Application for a Temporary Restraining Order.

Plaintiff is filing with this Application a Memorandum of Law and various declarations, which collectively show that Gate Gourmet intends to discontinue paying its portion of the Health care costs as of July 1, 2005; that such a discontinuance of payments is in bad faith and will alter the actual, objective working conditions of Gate Gourmet employees who are represented by plaintiff

Council in violation of the duty imposed by Section 2 First of the Railway Labor Act, 45 U.S.C. § 152 First, to exert every reasonable effort to make and maintain agreements, as well as in violation of the status quo obligation that the Railway Labor Act, 45 U.S.C. § 151, *et seq*. imposes upon Gate Gourmet while the parties are negotiating proposed changes to existing collective bargaining agreements; and that unless restrained, defendants will commit this unlawful act.

Plaintiff further submits that it is also entitled to this Restraining Order because such a Restraining Order is necessary to preserve the jurisdiction of the adjustment board that plaintiff Council and defendant Gate Gourmet have established pursuant to Section 204 of the Railway Labor Act, 45 U.S.C. § 184, to resolve disputes involving the interpretation or application of agreements concerning rates of pay, or working conditions. Unless defendants are restrained as requested above, Gate Gourmet will discontinue its payment of Gate Gourmet's share of the Health Care costs effective July 1, 2005. That unilateral change in agreements will irreparably harm employees represented by the Council by depriving many of those employees of Medical and Hospitalization insurance coverage in violation of both the Railway Labor Act and the applicable collective bargaining agreement, and will make it impossible for the adjustment board to render meaningful relief once it rejects Gate Gourmet's contention that Gate Gourmet has a contractual right to take the contested action.

Plaintiff Council also requests that, in light of the public's interest in requiring carriers to comply with their duties under the Railway Labor Act, this Court impose a minimal bond of no more than $5,000.

**WHEREFORE**, plaintiff Council respectfully requests that this Court issue a Temporary Restraining Order enjoining defendants Gate Gourmet, its division, Gate Gourmet Division

Americas, their officers, agents, and all persons acting in concert with them, from failing to contribute, during the duration of this Order, Gate Gourmet's portion of the costs for the Medical Care coverage to which Gate Gourmet employees are entitled under the collective bargaining agreement between Gate Gourmet and the Council. Plaintiff also requests that this Court schedule the hearing on plaintiff's Motion For A Preliminary Injunction for a time within five (5) days from the date that this Court rules upon this Application for a Temporary Restraining Order.

Respectfully Submitted,

      /s/ John O'B. Clarke, Jr.
John O'B. Clarke, Jr. (Bar No. 044685)
HIGHSAW, MAHONEY & CLARKE, P.C.
1050 17th Street, N.W., Suite 444
Washington, D.C. 20036
(202) 296-8500

      /s/ Roland P. Wilder, Jr.
Roland P. Wilder, Jr. (Bar No. 69069)
Susan Boyle (Bar No. 441102)
BAPTISTE & WILDER, P.C.
1150 Connecticut Ave., N.W., Suite 500
Washington, DC 20036
(202) 223-0723

DATE: June 24, 2005            Attorneys for Plaintiff Council

## CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of June, 2005, caused a copy of the foregoing

Application For A Temporary Restraining Order and accompanying declarations to be served upon

counsel for defendants Gate Gourmet Division Americas and Gate Gourmet, Inc., by causing a copy

of the Application and each declaration to be hand delivered to the offices of:

> Thomas Jerman
> O'Melveny & Myers LLP
> 1625 Eye Street, N.W.
> Washington, D.C. 20036

and by emailing the same to: tjerman@omm.com.


> _____/s/ John O'B. Clarke, Jr._____
> John O'B. Clarke, Jr.