UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>GATE GOURMET DIVISIONS AMERICAS and GATE GOURMET, INC.,<br><br>Defendants. | Civ. No. 05-01210 (EGS) |

**DECLARATION OF DEFENSE COUNSEL REGARDING SCHEDULING OF BRIEFING AND HEARING ON PLAINTIFF'S APPLICATION FOR TRO**

I, Tom A. Jerman, declare and state as follows:

1. I am partner with O'Melveny & Myers LLP, and I represent defendant Gate Gourmet, Inc., in connection with this action. I am licensed to practice before this court. I have personal knowledge of the facts set forth below.

2. I have been advised by John O'B. Clarke, counsel for plaintiff IBT/HERE Employee Representatives' Council (the "Council"), that the Council intends to seek a hearing on its motion for temporary restraining order ("TRO") on or before June 30, 2005, which would require Gate Gourmet to file opposition papers by June 29, 2005, if not earlier. I am filing this declaration to set forth in writing Gate Gourmet's position that requiring it to respond to the Council's motion on such short notice is both inequitable (because of plaintiff's delay in filing the motion) and unnecessary (because issuing a five-day TRO would not have any material impact of the employees the Council represents, and the Court can issue a full remedy, if appropriate, on a motion for preliminary injunction).

3. The basis for Gate Gourmet's position, set forth in more detail below, is as follows:

- Gate Gourmet did not receive the Council's motion and supporting papers until approximately 7 p.m. on Friday, June 24, 2005.
    - These papers are an inch-and-a-half thick, including a 39-page memorandum of law, and some 13 declarations
    - The papers raise numerous, complex legal and factual issues, and counsel cannot adequately prepare its opposition papers in the three business days that the Council's proposed schedule would require.

- There is no reason that the Council could not have filed its papers much earlier, and, thus, no justification for compelling Gate Gourmet to respond on such short notice.
    - Gate Gourmet announced the benefit changes at issue here on May 12, 2005, and the Council could have sought declaratory and injunctive relief at any point thereafter.
    - It is apparent from the dates on some of the declarations that the Council has been working on this motion since prior to June 8, 2005, and the legal memorandum was plainly not thrown together on an emergency basis.
    - Plaintiff's counsel called me on June 20, 2005, to inform me of the Council's intent to seek a TRO, and said that he would file the papers on Tuesday, June 21, 2005.
    - Despite a number of phone calls and e-mails inquiring about the status, I did not receive the papers until 7 p.m. EDT on Friday night, June 24. (Plaintiff's counsel was also aware from prior conversations that I was out of town on Friday, and over the weekend.)

- Issuance of a five-day TRO in this case would have no material impact on the employees the Council represents because whether the employees have coverage between July 1 and July 5 is fairly inconsequential. On the other hand, on a motion for preliminary injunction, the Court can make any remedy retroactive to July 1, 2005.

- Gate Gourmet has offered to arbitrate this dispute on an expedited basis before the System Board of Adjustment, which the case law unquestionably holds is the proper place for resolution of a dispute of this sort.

4. The Council's lawsuit and motion for preliminary injunctive relief challenges a decision announced by Gate Gourmet on May 12, 2005, to eliminate the employer subsidy for

2

health care benefits effective July 1, 2005. While the changes were contingent on membership rejection of a bargaining proposal by Gate Gourmet, the voting on that proposal was completed on May 27, 2005. Thus, the Council could have filed its lawsuit for declaratory and injunctive relief at any point following May 27, 2005, if not earlier.

5. Following the announcement of May 12, 2005, Gate Gourmet conducted open enrollment for health insurance under the new conditions. Open enrollment was open through June 8, 2005. Thus, the Council could have challenged Gate Gourmet's actions prior to the end of open enrollment. Because it did not, Gate Gourmet (and the Court) have no basis for determining whether employees who did not elect health insurance would have elected it under a different contribution schedule.

6. The Council filed a grievance challenging Gate Gourmet's decision to eliminate the employer contribution to health benefits on June 3, 2005, and Gate Gourmet has agreed to handle that grievance on an expedited basis.

7. The Council apparently made its decision to file this lawsuit, and seek a TRO, in early June, if not earlier. On June 6, 2005, the website of Teamsters for a Democratic Union, a rank-and-file union membership organization, reported that the union would be "seeking an injunction to block the company from forcing employees to pay the whole insurance premium." Moreover, the declarations filed by the Council in support of this motion are dated as early as June 6 2005, indicating that the Council had begun preparing its motion prior to that date. For example, the declaration of Dora Dominguez was executed on June 6, 2005, and the declarations of Maria G. Avlarado, Shirley Lewis, Annie Rolack and Mildred Washington were executed on June 8, 2005.

8. On Monday, June 20, 2005, I received a telephone call from John O'B. Clarke,

counsel to the Council, informing me that it intended to file a motion for TRO and preliminary injunction, and that he would seek to serve the papers on Tuesday, June 21, 2005. Between June 21, 2005, and June 24, 2005, I inquired in a number of conversations, voice-mails and e-mails as to the status of the motion. In each case, insofar as he responded, Mr. Clarke told me he was still working on the motion. In these communications, I also told Mr. Clarke several times that I would be in San Francisco from Friday through Sunday for a family wedding.

9. It will take substantial time and effort to prepare an adequate response to the Council's motion, which includes both a 39-page legal argument and some 13 factual declarations. I do not believe that we can fully respond on all relevant points within three business days.

10. On the merits, there is no need for a TRO in this case. The Council concedes that under the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*, a TRO could not exceed five days duration; whether the employees have insurance coverage from July 1, 2005 through July 5, 2005, is, in the scheme of things, fairly inconsequential. On the other hand, if the court were to conclude on a motion for preliminary injunction that Gate Gourmet should be ordered to reinstate health coverage it can make that order retroactive to July 1, 2005, ensuring that any medical expenses incurred in the interim would be covered by insurance.

11. Gate Gourmet has offered to submit this dispute to arbitration before the System Board of Adjustment on an expedited basis. The Council has not yet responded to that offer but, I presume, will accept it.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. This declaration was executed on the date indicated below at Washington, D.C.

Dated: June 27, 2005

/s/ Tom A. Jerman
Tom A. Jerman (D.C. Bar No. 454960)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
T: 202/383-5300
F: 202/383-5414
*Attorney for Defendant Gate Gourmet, Inc.*