IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL,<br><br>**Plaintiff,**<br><br>v.<br><br>GATE GOURMET DIVISIONS AMERICAS and GATE GOURMET, INC.,<br><br>**Defendants.** | Civ. No. 05-01210<br><br>**Judge Ricardo Urbina** |

### DEFENDANT GATE GOURMET, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

PLEASE TAKE NOTICE that, upon the First Amended Complaint of plaintiff IBT/HERE Employee Representatives' Council, and the accompanying exhibits thereto, and all prior pleadings and proceedings herein, the undersigned hereby moves this Court for an order pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), dismissing the First Amended Complaint for the reasons set forth in the accompanying Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint and granting such other and further relief as the Court deems just and proper.

Dated: September 30, 2005

Respectfully yours,

/s/ Tom A. Jerman
TOM A. JERMAN (D.C. No. 454960)
KAREN WAHLE (D.C. No. 440517)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
Tel: (202) 383-5300
Facsimile: (202) 383-5414
***Counsel for Defendant Gate Gourmet, Inc.***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GATE GOURMET DIVISIONS AMERICAS and GATE GOURMET, INC.,**<br><br>**Defendants.** | Civ. No. 05-01210<br><br>Judge Ricardo Urbina |

## MEMORANDUM IN SUPPORT OF DEFENDANT GATE GOURMET, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

In its First Amended Complaint (the "Complaint"), plaintiff IBT/HERE Employee Representatives' Council ("Plaintiff" or the "Union") raises two claims: (1) that defendant Gate Gourmet, Inc.'s ("Gate Gourmet" or the "Company") reduction of employer contributions to the Company's health plan for all employees allegedly violated the Railway Labor Act, 45 U.S.C. §151 et seq., (the "RLA"); and (2) that an injunction is necessary to preserve the jurisdiction of the System Board of Adjustment. This case should be dismissed for three fundamental reasons: (1) the Court has already addressed both of the these claims in its decision denying Plaintiff's motion for a temporary restraining order finding that the dispute is a minor dispute; (2) the substantive issue in this lawsuit has been arbitrated before a neutral arbitrator pursuant to the parties' collective bargaining agreement, and (3) the Company has reinstated employer

contributions to the Company health plan and therefore no remedy is available under this lawsuit. Plaintiff's Complaint should therefore be dismissed with prejudice.

*First*, the Court has already determined that the Union's allegations raise a "minor dispute" under the Railway Labor Act, 45 U.S.C. §151 et seq, ("RLA") and therefore held that it does not have jurisdiction over the dispute. The Court "determine[d] that this case involves a 'minor' dispute as defined by the RLA" and agreed that the federal courts do not have jurisdiction over such claims. *Second*, the expedited arbitration on the very matter over which the Union is asking the Court to exercise jurisdiction has already taken place. The arbitrator's decision is currently pending. Moreover, the Court has previously held that an injunction in this case is not necessary to preserve the jurisdiction of the System Board. The Court found that no impediment to "effectuating the congressional goal of arbitration" exists in this case and therefore an injunction is not warranted. Thus, the Union's refusal to voluntarily dismiss the Complaint, forcing Gate Gourmet expend time and money to file the instant motion, is wholly frivolous. *Third,* over the course of negotiations, the Company agreed to reinstate the employer contribution to the Company health plan effective September 1, 2005. Accordingly, no remedy is available to the Union under this lawsuit. For these reasons, Gate Gourmet respectfully asks the Court to dismiss the Union's Complaint with prejudice in its entirety.

## STATEMENT OF FACTS

I. **The Union's Complaint**

On June 21, 2005, the Union filed a complaint against Gate Gourmet seeking declaratory and injunctive relief. The Union then filed an Amended Complaint (the "Complaint") on June 24, 2005, changing the name of the defendant entity. In the Complaint, the Union seeks

declaratory and injunctive relief prohibiting Gate Gourmet from eliminating the employer contribution for all employees for the Company's Health Plan. The Union specifically alleged that employees were "entitled" to such benefit "under the collective bargaining agreement." (Complaint at 2.) The Union also cited several provisions of the collective bargaining agreement, which it argues, prohibit the Company's actions. (Complaint ¶¶ 10-12.) The Union further stated that it has filed grievances with the System Board of Adjustment under the collective bargaining agreement. (Complaint ¶17, 30.)

## II. The Court's Decision Denying The Union's Motion For A Temporary Restraining Order Because The Dispute Is A Minor Dispute

On Friday, June 24, 2005, the Union also filed a Motion for a Temporary Restraining Order and Preliminary Injunction seeking to prevent the Company from instituting its changes to employer contributions on July 1, 2005. After the Union's motion was fully briefed, this Court issued an Order denying the Union's Motion for a Temporary Restraining Order on June 30, 2005. On July 1, the Court issued a Memorandum Decision explaining its Order.

In that decision, the Court summarized the Union's arguments as asking the Court to "prevent the Company from eliminating its contributions pursuant to either (a) the provisions of the Railway Labor Act . . . that govern preservation of the *status quo* in major disputes or (b) decisional law that suggests courts may issue *status quo* injunctions in minor disputes to preserve the jurisdiction of arbitration boards." (Memorandum Decision at 2.) The Court denied the Union's request, stating that "this case involves a "minor" dispute as defined by the RLA and that the Union therefore cannot seek a "major" dispute injunction." *Id.* The Court also stated that "[t]he court refuses to issue a minor dispute injunction to preserve the jurisdiction of the

arbitration board, however, because even assuming the court has to power to issue such relief, this case, as a matter of law, does not amount to one of the exceptional circumstances in which courts have suggested such relief is available." *Id.*

### III.   Expedited Arbitration

The Company's planned change to the employer contribution went into effect on July 1, 2005. The parties agreed to an expedited arbitration over that change to the employer contribution to the Company's health plan. That expedited arbitration took place on September 8 and 9, 2005 before a neutral arbitrator, Richard Kasher. (*See* Declaration of Aparna B. Joshi ("Joshi Decl.") ¶ 2, attached hereto as Exhibit A.) The arbitrator's decision is currently pending. *Id.*

### IV.   Reinstatement of Employer Contributions

During the course of negotiations between the parties, the Company agreed to reinstate the employer contribution effective September 1, 2005, at the level that existed prior to July 1, 2005. (Joshi Decl. ¶ 3.) Accordingly, the Company has resumed paying employer contributions to the Company's health plan. Additionally, although the Company asked the Union to voluntarily dismiss the Complaint pending before this Court, the Union refused, stating that a federal court has jurisdiction to preserve the jurisdiction of the System Board even though the Court has already decided that such an injunction is inappropriate in this case. (Joshi Decl. ¶ 4.) The Union's refusal is without any basis whatsoever and has cost Gate Gourmet unnecessary time and expense.

## ARGUMENT

I. **The Court Has Determined That This Is A Minor Dispute Under The RLA And Therefore It Does Not Have Jurisdiction Over The Dispute**

The first count of the Union's Complaint alleges that the Company's elimination of the employer contribution to the Company Health Plan violates the RLA. The Court has previously decided that it does not have jurisdiction over this dispute because it is "minor dispute" under the RLA and therefore this count of the Complaint should be dismissed.

Major disputes under the RLA are "disputes over the formation of collective agreements or efforts to secure them. . . . They look to the acquisition of rights for the future, not to the assertion of rights claimed to have vested in the past." *See Elgin, J. & E. Ry. v. Burley*, 325 U.S. 711, 723 (1945). In a major dispute, the Supreme Court has held, the carrier must maintain "those actual, objective working conditions and practices, broadly conceived, which were in effect prior to the time the pending dispute arose and which are involved in or related to that dispute." *Detroit & Toledo Shore Line R.R. v. United Transp. Union*, 396 U.S. 142, 153 (1969).

The RLA also provides, however, that disputes over the "interpretation or application" of agreements, known as minor disputes, must be submitted to an administrative tribunal known as an "adjustment board." 45 U.S.C. §§ 153, 184; *Bhd. of Locomotive Eng'rs v. Louisville & N.R.R.*, 373 U.S. 33, 38 (1963). Minor disputes "contemplate[] the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates . . . to the meaning or proper application of a particular provision with reference to a specific situation . . . [T]he claim is to rights accrued, not merely to have new ones created for the future." *Elgin*, 325 U.S. at 723. In a minor dispute, the jurisdiction of the adjustment board to interpret or apply the existing

agreement is "mandatory, exclusive and comprehensive." *Louisville*, 373 U.S. at 38. Furthermore, in a minor dispute, the carrier is free to act on its own interpretation of the agreement pending a decision by the adjustment board. *Conrail*, 491 U.S. at 304; *Eastern II*, 869 F.2d at 1520.

In distinguishing between a major or minor dispute, the Court properly found that " '[t]he court does not consider the merits of the underlying dispute; its role is limited to determining whether the dispute can be characterized as involving the proper application or meaning of a contract provision." (Memorandum Decision at 7-8 citing *Air Line Pilots Ass'n, Intern. v. Eastern Air Lines, Inc.*, 869 F.2d 1518, 1521 (D.C. Cir. 1989) ("*Eastern Air Lines II*").) If the action is "arguably justified by the terms of the parties' agreement," the dispute is a minor dispute. *Conrail*, 491 U.S. at 310.

As noted above, the Court concluded that the dispute at issue is a minor dispute over which it does not have jurisdiction. The Court found that the Company's interpretation of Article 24 of the collective bargaining agreement as permitting the Company's actions is arguably justified. The Court rejected the Union's argument that retention payments made to management and salaried employees constituted bad faith. (Memorandum Decision at 9.) Indeed, the Court stated that it was "impossible for the court to make the 'essential finding' that the Company's proffered *interpretation* of the NMA is so inherently unreasonable as to amount to bad faith." (Memorandum Decision at 9.)

Moreover, the Union's claims that employees are entitled to employer contributions to the cost of the Company health plan under the collective bargaining agreement plainly implicate interpretation of the collective bargaining agreement. The Company's action of eliminating the

6

employer contribution for both union and management employees, however, is permitted by the plain language of Article 24 of the collective bargaining agreement. Article 24 provides that "[w]hile the administration of the plan remains a Company prerogative, bargaining unit Employee's contribution rates for the various health plans and optional life insurance will be the same each year as the contribution rates for management/salaried employees." It also provides that "the Company agrees that should there be any change in the benefit level of the Health Care and Life Insurance Plans during the term of this Agreement it will apply to the Employees covered under this Collective Bargaining Agreement." (*See* Gate Gourmet's Opposition to Motion to Temporary Restraining Order at 11.) Thus, the Company's actions are, at the very least, arguably justified by the collective bargaining agreement.

Accordingly, this dispute, as the Court has already held, is a minor dispute subject to the exclusive and mandatory jurisdiction of the appropriate system board of adjustment. The Union has essentially conceded this point by agreeing to, scheduling and participating in an expedited arbitration over this dispute before Arbitrator Kasher that took place on September 8-9, 2005.

**II.    The Case Has Already Been Arbitrated and The Court Previously Determined that An Injunction is Not Necessary to Preserve the Jurisdiction of the System Board.**

The second count of the Union's Complaint alleges that an injunction prohibiting Gate Gourmet from taking the disputed action is necessary to "preserve the jurisdiction of the SBA to render a meaningful award . . . ." (Complaint ¶40.) This count is moot given that the System Board of Adjustment has already exercised jurisdiction over the case and it was fully arbitrated over a two-day arbitration. Moreover, the Court has squarely decided that the Union is wrong and that no injunction was necessary prohibiting Gate Gourmet from decreasing employer

7

contributions to the Company health plan. (Memorandum Decision at 11-12.) For these reasons, this count of the Complaint should also be dismissed.

As previously noted, the arbitration over the substantive issue in this case has already taken place with full participation by both parties. There can be no question that the arbitrator is empowered to provide a complete remedy and that an injunction is not necessary to preserve the jurisdiction of the System Board. If Arbitrator Kasher upholds the Union's position, he can order the Company to cover all medical bills incurred during the two-month period during which Gate Gourmet did not pay employer contributions to the health insurance plan and pay any other appropriate damages. That is not an "empty victory": it is a make-whole remedy that fully compensates any employees for financial loss incurred as a result of the Company's decision.

Furthermore, in its earlier decision, the Court reiterated the general principle, as discussed above, that courts lack jurisdiction to issue injunctive relief in minor disputes because "parties must submit minor disputes to arbitration." (Memorandum Decision at 10.) Even if courts had limited jurisdiction to issue an injunction to preserve the jurisdiction of the adjustment board, the Court agreed that this is not an appropriate case for issuing such relief. As the D.C. Circuit observed in *Eastern II*, such injunctions would be available – if at all – only where necessary to "preserve the arbitrator's ability to decide the case." *Eastern II*, 869 F.2d at 1520 n.2 (dicta). The irreparable injury alleged by the Union in the present case fails to satisfy that standard. (Memorandum Decision at 12.) Additionally, the Union can no longer even allege irreparable injury because the Company has agreed to reinstate its contributions back to the pre-July levels effective September 1. The Court also properly found that an issuance of such an injunction should not hinge on "an assessment of the degree of hardship" and defined the inquiry

as "whether injunctive relief is needed to remedy a fundamental impediment to effectuating the congressional goal of arbitration." (Complaint at 11.) Finally, the Court held that "no such impediment exists in this case." *Id.* Given the Court's ruling on this issue and the fact that the arbitration has taken place, Count II of Plaintiff's Complaint should also be dismissed.

### III.   The Company Has Reinstated the Employer Contribution and Therefore No Remedy Is Available

This lawsuit should also be dismissed because it is moot. During negotiations for a new collective bargaining agreement, the Company agreed to reinstate its contributions to the Company health plan at the level that existed prior to the change on July 1, 2005. (Joshi Decl. ¶ 3.) The Company's reinstatement of employer contributions became effective on September 1, 2005 and the Company is currently paying such contributions. *Id.* Because the Company has already reinstated the payments, no remedy is available to the Union under this lawsuit.

### CONCLUSION

For the foregoing reasons, Gate Gourmet, Inc. respectfully requests that the Court dismiss the Union's Complaint in its entirety with prejudice.

Dated: September 30, 2005

Respectfully submitted,

/s/ Tom Jerman
TOM A. JERMAN (D.C. No. 454960)
KAREN WAHLE (DC Bar No. 440517)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
Tel: (202) 383-5300
Facsimile: (202) 383-5414
***Counsel for Defendant Gate Gourmet, Inc.***

## CERTIFICATE OF SERVICE

    I certify that on September 30, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF. Service was accomplished on the following counsel not known to be registered through the CM/ECF system via regular U.S. mail on this 30th day of September 2005.

>Susan Boyle
>Baptiste & Wilder, P.C.
>1150 Connecticut Ave., N.W., Suite 500
>Washington, DC 20036
>
>*Co-Counsel for Plaintiff*

>/s/Aparna B. Joshi
>Aparna B. Joshi