UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL, )<br>    *Plaintiff,* )<br>)<br>   *v.* )<br>)<br>GATE GOURMET DIVISION AMERICAS, *et al.*, )<br>    *Defendants*. )<br>_____ ) | No. 05-01210 (RMU) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION BY PLAINTIFF TO HOLD THIS CASE IN
ABEYANCE FOR ONE HUNDRED AND TWENTY DAYS**

Defendants Gate Gourmet Division Americas and Gate Gourmet, Inc. have filed a motion pursuant to Rule 12(b)(1) and Rule 12(b)(6), Fed. R. Civ. P., to dismiss the Amended Complaint of plaintiff IBT/HERE Employee Representatives' Council ("Council"), asserting that this Court lacks jurisdiction over Count I of the Amended Complaint; that Count II is moot; and that the entire case is moot. Plaintiff is this day filing its opposition to that motion to dismiss. However, in light of developments that have occurred since this Court denied plaintiff's request for interim injunctive relief, plaintiff submits that it is premature to address defendants' motion to dismiss and, accordingly, plaintiff Council has filed a motion to hold this case, including the pending motion to dismiss, in abeyance for a period of one hundred and twenty (120) days. Plaintiff states as follows in support of this motion.

As defendants state in their moving papers, the parties have resolved a portion of the dispute which lead to this suit and are in the process of arbitrating the remaining *contractual* issues in this case–*i.e.*, whether the elimination of the company's contribution to the medical plan breached the collective bargaining agreements and, if so, what remedy is appropriate under the contract. In

addition, during the ongoing negotiations over the proposed changes to the existing agreements, which are now being conducted under the auspices of the National Mediation Board, the parties agreed to submit the remaining contract-formation disputes to binding arbitration. That "interest arbitration" is scheduled to take place beginning on October 25, 2005. Additionally, as part of that agreement to arbitrate, the company agreed to reinstate, effective September 1, 2005, the pre-July contribution levels.

Prior to the arbitration hearing on the contract-interpretation dispute raised by the company's elimination of its medical plan contributions, the parties agreed to bifurcate that arbitration so as to first address the issue of liability and then to address the question of remedy. A hearing was conducted before the arbitrator on September 8 and 9, 2005, at which the parties presented their evidence on the liability issue; briefs on the liability issue are to be submitted on a schedule calling for a reply brief on or before November 11, 2005. Plaintiff anticipates that the arbitrator will issue his award on the liability issue by the end of this year.

The reinstatement by the company of its medical-plan contribution, as well as the agreement to arbitrate the unresolved major disputes, have had an impact on the contract-interpretation arbitration insofar as they affect the remedy that will be needed if the arbitrator rules that the company breached the collective bargaining agreements by eliminating its contributions for the two-month period. Similarly, those events have had an impact on this suit for they affect the remedy that would be needed were this Court to conclude that the company's actions violated its duties under the Railway Labor Act (RLA), 45 U.S.C. § 151, *et seq*. In both instances, an award or order requiring reinstatement is no longer necessary, but the need to make the employees whole remains.

As shown by plaintiff's opposition to defendants' motion to dismiss, a ruling by the arbitrator that Gate Gourmet did not have the contractual authority to eliminate its contribution to the medical plan will also mean that Gate Gourmet violated its obligations under the status quo obligation of the RLA when it unilaterally ceased making the requisite health-plan contributions between July 1 and August 31, 2005. *Accord*, *Consolidated Rail Corp. v. RLEA*, 491 U.S. 299, 320-21 (1989) (White, J., concurring) ("If the Board decides that the company is wrong about its authority under the contract, the result will be that the company has sought a change in the contract without invoking the procedures applicable to major disputes"). This Court clearly has jurisdiction to enforce the RLA's status quo obligation. *E.g.*, *Southern Ry. v. Brotherhood of Locomotive Firemen*, 337 F.2d 127, 132-33 (D.D.C. 1964).

Additionally, plaintiff submits that, as it has alleged in its complaint, the evidence to be adduced in this case will establish that the company's elimination of its health plan contributions violated that carrier's duty under RLA § 2 First "to exert every reasonable effort to make and maintain agreements . . . and to settle all disputes . . . ." 45 U.S.C. § 152 First. Indeed, the evidence submitted to this Court on the motions for interim relief, as further explained by the evidence submitted at the arbitration hearing, especially when viewed in the light most favorable to plaintiffs, shows that the company unlawfully used its threat of eliminating its contribution to the health plan, and then the elimination of those contributions, as a means to exert economic pressure on plaintiff and on the employees plaintiff represents to "encourage" their acceptance of defendants' contract demands. *Compare,* Complaint Ex. 4 ("If the new contract is not approved, we will continue to offer the medical plan, **but you will be responsible for the full monthly cost beginning in July**") (emphasis in original); *with*, Declaration of A.J. Bralich, Jr. at ¶¶ 19, 22-23, executed June 29, 2005

(showing "retention bonus" of $500 per employee per month being paid to at least 1,471 employees [which will cost the company $8,826,000 annually]); *and*, Declaration of D. Goeke at ¶ 17, executed June 29, 2005 ("The annualized cost of employee contributions under the prior contribution schedule was roughly $11 million a year"). Those actions violated Gate Gourmet's duties under RLA § 2 First, which this Court has jurisdiction to enforce. *Chicago & North Western Ry. v. UTU*, 402 U.S. 570, 577 (1971); *accord*, *Delta Air Lines, Inc. v. ALPA*, 238 F.3d 1300, 1309 (11th Cir. 2001) ("ALPA is statutorily bound [by RLA § 2 First] to do everything possible to 'maintain' the CBA so that commerce is not in any way interrupted").

  However, plaintiff respectfully submits that there is no need *at this time* for the Court to address the issues raised either by the company's motion to dismiss or by the complaint. This is so because the company's agreement to reinstate its contribution to the health plan eliminates the need for prospective injunctive relief to prevent *future* harm to the employees. But, as shown in the memorandum in opposition to the motion to dismiss, the reinstatement of the contribution does not moot plaintiff's efforts to enforce the RLA status quo obligation or the duty imposed by RLA § 2 First. It just delays the timing of when those issues need be addressed, *if*, indeed, it subsequently becomes necessary to address those issues, for until the arbitrator rules and then issues his remedy-award, neither the parties nor this Court can state with assurance that further involvement of this Court will or will not be needed to make the employees whole. On the other hand, to do as defendants are asking–*i.e.*, to dismiss plaintiff's complaint *with prejudice*–besides being contrary to law, will prejudice plaintiff *if* the arbitrator rules that Gate Gourmet did not have the contractual authority to cease its contributions but also rules that he is unable to grant complete relief to employees. Indeed, even a dismissal *without prejudice* will harm plaintiff, for the RLA imposes a

six-month limitations period in which to bring an action to enforce a violation of either the RLA's status quo obligation or § 2 First and that limitations period will most likely have run *before* the arbitrator issues his remedy award.

On the other hand, holding this case in abeyance until the need for further judicial action is clarified will conserve scarce judicial resources. Moreover, that action will not prejudice defendants, for the pendency of this suit does not alter the fact that this Court has declined to grant interim injunctive relief.

## CONCLUSION

Plaintiff Council respectfully submits that this Court hold this case, including the pending motion to dismiss, in abeyance for a period of one hundred and twenty (120) days.

Respectfully Submitted,

/s/ John O'B. Clarke, Jr.
John O'B. Clarke, Jr. (Bar No. 044685)
HIGHSAW, MAHONEY & CLARKE, P.C.
1050 17th Street, N.W., Suite 444
Washington, D.C. 20036
(202) 296-8500


/s/ Roland P. Wilder, Jr.
Roland P. Wilder, Jr. (Bar No. 69069)
Susan Boyle (Bar No. 441102)
BAPTISTE & WILDER, P.C.
1150 Connecticut Ave., N.W., Suite 500
Washington, DC 20036
(202) 223-0723

DATE: October 11, 2005                    Attorneys for Plaintiff Council

## CERTIFICATE OF SERVICE

I hereby certify that I have this 11th day of October, 2005, caused a copy of the foregoing Memorandum In Support Of Motion By Plaintiff To Hold Case In Abeyance to be served upon counsel for defendants by emailing a copy thereof in pdf format to:

>Thomas Jerman
>O'Melveny & Myers LLP
>1625 Eye Street, N.W.
>Washington, D.C. 20036
>tjerman@omm.com.

                                                  John O'B. Clarke, Jr.