IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL,<br><br>        Plaintiff,<br><br>        v.<br><br>GATE GOURMET DIVISIONS AMERICAS and GATE GOURMET, INC.,<br><br>        Defendants. | Civ. No. 05-01210<br><br>Judge Ricardo Urbina |

**DEFENDANT GATE GOURMET, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND OPPOSITION TO PLAINTIFF'S MOTION TO HOLD IN ABEYANCE**

On July 1, 2005, this Court held that it did not have jurisdiction over this dispute because it is a minor dispute under the Railway Labor Act, 45 U.S.C. §151 et seq., (the "RLA"). Following that ruling, Gate Gourmet, Inc. ("Gate Gourmet" or the "Company") and the IBT/HERE Employee Representatives' Council ("Plaintiff" or the "Union") submitted the dispute to the system board of adjustment, which held a two-day hearing. The arbitrator's decision is pending. Nonetheless, the Union has refused to dismiss its lawsuit and has opposed the Company's motion to dismiss. The Union argues that despite the Court's prior ruling that the dispute is a minor dispute, the dispute is actually a major dispute because the parties were in engaged in negotiations at the time that the Company took the challenged action. The Union also argues that even if this dispute is currently a minor dispute, if the arbitrator finds in favor of

the Union, it will become a major dispute and the Court then has jurisdiction to issue a remedy if the neutral arbitrator does not issue the award the Union desires. In short, as evidenced by the Union's motion to hold in abeyance, the Union essentially asks the Court to retain jurisdiction over this case to provide a remedy if the Union does not get what it wants from the neutral arbitrator.

The Union's position should be rejected for two reasons. *First*, this Court has previously decided that the controversy in this lawsuit is a minor dispute subject to the exclusive jurisdiction of the appropriate system board of adjustment and over which the Court does not have jurisdiction. The Union's assertion that the dispute is a major dispute because the parties were in negotiations at the time that the Company took actions permitted by the collective bargaining agreement is wholly without merit and is one that this Court has already considered and refused to accept. (*See generally* Memorandum Decision.)

The case law makes clear that where a collective bargaining agreement gives the employer an "arguable" right to change the existing terms of employment, the employer is entitled to act on that right unilaterally even during negotiations for a new agreement and any dispute over the employer's rights can only be decided by the RLA-mandated adjustment board that has jurisdiction over the parties. *See, e.g., Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299 (1989) ("*Conrail*"); *Pittsburgh & Lake Erie R.R. v. Ry. Labor Executives' Ass'n*, 491 U.S. 490 (1989). Accordingly, in a minor dispute such as this one, the Company was free to act on its own interpretation of the agreement pending a decision by the adjustment board.

*Second*, the major/minor dispute distinction under the RLA mandates that the appropriate system board of adjustment has exclusive and comprehensive jurisdiction over minor disputes.

Here, the Union proposes eliminating that distinction such that if the Union does not obtain the full remedy it seeks before the System Board (not because the arbitrator *cannot* give the Union what it wants, but because the arbitrator determines based on his expertise and full consideration of the merits of the case, that the award the Union seeks is unwarranted), it can try its hand again in the federal courts. The Union attempts to get this "second bite at the apple" by arguing that if the carrier does not prevail at arbitration, the minor dispute becomes a major dispute. Supreme Court and D.C. Circuit precedent refute this contention. Furthermore, the Union should not be permitted to do an end-run around the mandatory, exclusive and comprehensive jurisdiction of the appropriate system board of adjustment by trying to get from the Court that which the arbitrator decided was unwarranted.

In addition, the Union's motion to hold this case in abeyance should be denied because, as stated above, the Court does not have jurisdiction over this minor dispute. Accordingly, the Union's Complaint should be dismissed with prejudice at this time.

## ARGUMENT

**I.    THIS IS A MINOR DISPUTE UNDER THE RLA AND THEREFORE NO STATUS QUO REQUIREMENT EXISTS**

As explained in the Company's motion to dismiss, the distinction between major and minor disputes under the RLA is well-established and this Court has previously decided that it does not have jurisdiction over this dispute because it is minor dispute.[1] (*See* Memorandum Decision at 2, 7-8.) The Union nevertheless claims that the dispute is a major dispute because

---

[1] The second count of the Union's Complaint alleges that an injunction prohibiting Gate Gourmet from taking the disputed action is necessary to "preserve the jurisdiction of the SBA to render a meaningful award . . .." (Complaint ¶40.) The Union agrees that this count is moot. (*See* Corrected Opposition by Plaintiff to Motion by Defendants to Dismiss ("Plaintiff's Opposition") at 2, 3.)

the parties were in negotiations at the time the Company exercised its arguable rights under the collective bargaining agreement. This assertion is without merit.

*First,* the Court has already considered and rejected this argument. The Union argued that the dispute at issue was a major dispute in its motion for a temporary restraining order. (*See* Union Memorandum of Law In Support Of Application for Temporary Restraining Order and Motion for Preliminary Injunction at 11.) The Court nevertheless decided that the dispute is a minor dispute. (*See* Memorandum Decision at 2.)

*Second,* Supreme Court and D.C. Circuit authority refute the Union's position.[2] Under the case law, there is no question whatsoever that an employer maintains its right to act based on its own interpretation of the existing agreement even during negotiations for a new collective bargaining agreement under Section 6 of the RLA, and any dispute over the employer's rights can only be decided by the RLA-mandated adjustment board that has jurisdiction over the parties. *See Pittsburgh & Lake Erie R.R.* at 509 ("the unions' [Section 6] notices to change the agreements could not trump the [employer's rights under the] terms of the agreements"); *Conrail*, 491 U.S. at 304 (the Supreme Court "never has recognized a general statutory obligation on the part of an employer to maintain the status quo pending the [Adjustment] Board's decision" on a minor dispute); *Air Line Pilots Ass'n, Int'l v. Eastern Air Lines, Inc.*, 869 F.2d 1518, 1520 (D.C. Cir. 1989) ("*Eastern II*") (in a minor dispute, "the parties must take their grievances to binding arbitration, and each is free to act under its interpretation of the collective

---

[2] Both of the cases on which the Union relies, a 1946 case, *Order of Railway Conductors v. Pitney,* 326 U.S. 561 (1946) and a 1964 D.C. Circuit decision, *S. Ry. v. Bhd. of Locomotive Firemen*, 337 F.2d 127 (D.C. Cir. 1964), have been plainly overruled by several decades of case law, including the Supreme Court's decisions in *Conrail*, 491 U.S. at 304, and *Pittsburgh & Lake Erie R.R. v. Ry. Labor Executives' Ass'n*, 491 U.S. 490, 509 (1989), and the D.C. Circuit's decision in *Air Line Pilots Ass'n, Int'l v. Eastern Air Lines, Inc.*, 863 F.2d 891 (D.C. Cir. 1988) ("*Eastern I*"). *See* Gate Gourmet's Opposition to the Union's Motion for Temporary Restraining Order for a detailed discussion of the development of the case law.

bargaining agreement until the arbitrator rules otherwise"). In fact, in *Eastern I* the D.C. Circuit specifically **rejected** the analysis cited by the Union in *Air Cargo Inc. v. Local 851, IBT,* 733 F.2d 241 (2d Cir. 1984) stating that it "appears to … slight the long line of precedents, deriving from *Shore Line*, that emphasize settled past practice in classifying disputes as major or minor. Moreover, it seems to thwart Congress's policy decision to provide for two distinct dispute resolution procedures under the RLA." 863 F.2d at 898. The D.C. Circuit concluded that "we reject the proposition that the expiration of the agreements and filing of § 6 notices automatically make the dispute a major one." *Id.* at 899. Thus, when a court determines that a union's status quo claim presents a minor dispute because the employer has presented an arguable contractual justification for the action at issue, as the Court has done here, the status quo provision of the RLA does not apply. *Conrail*, 491 U.S. at 304; *Eastern I,* 863 F.2d at 899-900, *Eastern II,* 869 F.2d at 1520. Accordingly, no basis exists upon which relief may be granted.

*Third,* from a practical perspective, in addition to the fact that no *status quo* requirement exists in this minor dispute, any claim of alleged pressure that the Company sought to apply during negotiations is without remedy because the Union's membership *rejected* the Company's proposed agreement.[3] Thus, even if the Union could claim that this was somehow a major dispute, the rights of the Union-represented employees were not harmed and no relief can be granted.

---

[3] The Union misreads the Company's arguments asserting in its Opposition that the Court cannot dismiss the case with prejudice because the Company has argued that the case is moot. The Company presents two bases for the Court's dismissal: 1) that the Court has no jurisdiction over the minor dispute at issue; and 2) because the Company has already reinstated the employer contribution, no relief can be granted.

II. **THE SYSTEM BOARD OF ADJUSTMENT HAS MANDATORY, EXCLUSIVE AND COMPREHENSIVE JURISDICTION OVER THIS DISPUTE.**

The jurisdiction of the adjustment board in a minor dispute to interpret or apply the existing agreement is "***mandatory, exclusive and comprehensive***." *Bhd. of Locomotive Eng'rs v. Louisville & N.R.R.*, 373 U.S. 38 (1963) (emphasis added). The nature of the dispute as a minor dispute does not change based on the arbitrator's award. Assuming *arguendo* that the system board rules in favor of the Union, it is therefore the system board's prerogative to determine a proper remedy in this case. Nevertheless, the Union claims that if it does not get the remedy that it wants from the arbitrator, it can come to the Court for a second change. The Union is asking the Court to consider the very same dispute that the arbitrator has already considered. Indeed, the Union asks that the Court consider the same dispute upon which the arbitrator will have already *ruled*. The Union's argument is nonsense in light of decades of case law under the RLA. In fact, to permit the Union to take "two bites at the apple" wholly undermines the major/minor dispute structure of the RLA and the authority of the congressionally-mandated system boards.

*First,* the Union's position is essentially that if the arbitrator rules that the carrier did not have the right to take the challenged action under the collective bargaining agreement (*i.e.* the carrier loses the arbitration), then the dispute becomes a major dispute at that point and the Union can run to this Court for additional remedy. (Plaintiff's Opposition at 9.) To support this position, the Union relies on Justice White's concurring opinion in *Conrail.* However, the majority did not adopt Justice White's position and, instead, the majority held that where the carrier asserts a contractual justification for its action, and the carrier's position is ***not*** ***"frivolous" or "obviously insubstantial,"*** the carrier has the right to take the action pending

6

arbitration, and the federal courts have no jurisdiction. *Conrail* at 310. This is the same standard adopted by the D.C. Circuit in *Eastern II*, where the court held that if a "dispute can ***arguably*** be resolved by interpreting or applying the terms of the contract, the fact that one party's interpretation is implausible does not change it into a major dispute . . .." 869 F.2d at 1522. Significantly, the Supreme Court and the D.C. Circuit did not hold that if the action is ***definitively*** justified by the terms of the collective bargaining agreement then it is a minor dispute, and yet, that is what the Union claims the law is. As the Seventh Circuit aptly put it, "Once a minor dispute, always a minor dispute. . . . Otherwise Congress's desire to confine contract disputes to compulsory arbitration would be thwarted." *Chicago & North Western Transp. Co. v. Railway Labor Executives' Assoc.*, 908 F.2d 144, 157 (7th Cir. 1990). "

Furthermore, the Supreme Court has made clear that it is the *exclusive* authority of the system board of adjustment to adjudicate minor disputes. *See generally Conrail*; *Bhd. of Locomotive Eng'rs v. Louisville & N.R.R.*, 373 U.S. 38 (1963). The Court does not share jurisdiction, as the Union suggests, nor can it determine the appropriate remedy for an award by the system board of adjustment. A determination of liability as well as remedy is within the exclusive province of the system board. The Union is willing to accept the system board's exclusive jurisdiction if the arbitrator agrees to "fashion a remedy that," in the Union's opinion "will make the employees whole and, thus, [will] obviate the need to return to this Court for enforcement of the RLA obligations at issue" (Plaintiff's Opposition at 5, FN 6). Nevertheless, the Union cannot be permitted to undercut the mandatory, exclusive and comprehensive jurisdiction of the system board established under the RLA simply because it does not obtain the outcome that it wants through the arbitral process.

7

### III. THE COURT SHOULD DENY THE UNION'S MOTION TO HOLD THE CASE IN ABEYANCE FOR LACK OF JURISDICTION

As discussed above, the Court does not have jurisdiction over this minor dispute. Accordingly, the Court should deny the Union's motion to hold in abeyance because it does not have jurisdiction now and it will not have jurisdiction in 120 days. The Union's motion does not, in fact, save the resources of this Court and indeed, its refusal to voluntarily dismiss this case when the weight of authority compels the conclusion that the Court does not have jurisdiction was a waste of such resources. At this time, the Company's motion to dismiss has been fully briefed and no reason exists to delay resolution of this issue.

### CONCLUSION

For the foregoing reasons, Gate Gourmet, Inc. respectfully requests that the Court dismiss the Union's Complaint in its entirety with prejudice and deny the Union's motion to hold the case in abeyance.

Dated: October 18, 2005

Respectfully submitted,

  /s/ Tom A. Jerman
TOM A. JERMAN (D.C. No. 454960)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
Tel: (202) 383-5300
Facsimile: (202) 383-5414
***Counsel for Defendant Gate Gourmet, Inc.***

## CERTIFICATE OF SERVICE

  I certify that on October 18, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.  Service was accomplished on the following counsel not known to be registered through the CM/ECF system via regular U.S. mail on this 18th day of October 2005.

    Susan Boyle
    Baptiste & Wilder, P.C.
    1150 Connecticut Ave., N.W., Suite 500
    Washington, DC 20036

    *Co-Counsel for Plaintiff*


            /s/  Aparna Joshi_____
            Aparna B. Joshi