## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBT/HERE EMPLOYEE REPRESENTATIVES' COUNCIL, )<br>      *Plaintiff,* )<br>)<br>v. )<br>)<br>GATE GOURMET DIVISION AMERICAS, )<br>*et al.*, )<br>      *Defendants*. )<br>_____) | No. 05-01210 (RMU) |

**JOINT STATUS REPORT**

On April 26, 2007, this Court entered a minute order requiring the parties to provide the Court with a status report within ten (10) days of the order. The order also provided that the report "shall include, if requested, additional time for the parties to resolve their dispute without court intervention." This report is respectfully submitted by the parties in response to that order.

Since their last report to this Court, the parties have been attempting to obtain from the more than 2,500 affected employees information pertaining to whatever out-of-pocket medical related costs they may have incurred during July and August 2005. Initially, the IBT/HERE Employee Representatives' Council ("Council") submitted a questionnaire to the employees, but received around a ten (10%) percent response. Recently, the Company sent a letter, jointly prepared by the Council and the

Company, to the last know addresses of the affected employees. Responses to that letter are due by June 30, 2007.

The Council respectfully requests that this Court continue to hold this case in abeyance for two reasons. First, it wishes to alert this Court to the possibility that it may seek this Court's assistance in enforcing the Act's status quo obligation. It is the Council's understanding that Gate Gourmet has experienced an annual attrition rate of around 30% since June 2005, and it is very probable that there will be a need to locate the current addresses of a significant number of the more than 2,500 employees to whom the joint letter was sent. The Council has previously informed the Company that it expects the Company make a good faith effort at its expense to locate those employees the parties are unable to locate from their files or from efforts readily available to them. If the Company refuses, the Council will seek the assistance of this Court to direct the Company to make those good faith efforts.

The second reason to hold this case in abeyance is that the parties have yet to receive a final remedy from the arbitrator. Once the parties receive responses from the affected employees, the Council will return to the arbitrator, asking the arbitrator to provide a remedy if the parties are unable to reach a settlement in the interim. If the Company objects, the Council will need to seek the assistance of this Court to enforce the Company's obligations under the Railway Labor Act.

Although the Company does not object to holding this case in abeyance at this time, to the extent that the Council applies for further relief from this Court as it suggests it may above, the Company will seek to renew its motion to dismiss filed on September 30, 2005 with leave to provide additional briefing.

                                                Respectfully Submitted,

                                                /s/ John O'B. Clarke, Jr.
John O'B. Clarke, Jr. (Bar No. 044685)
HIGHSAW, MAHONEY & CLARKE, P.C.
1050 17th Street, N.W., Suite 444
Washington, D.C. 20036
(202) 296-8500


                                                /s/ Roland P. Wilder, Jr.
Roland P. Wilder, Jr. (Bar No. 69069
BAPTISTE & WILDER, P.C.
1150 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
(202) 223-0723

DATE: May 7, 2007                  Attorneys for Plaintiff

|  |  |
|---|---|
|  | /s/ Tom A. Jerman |
|  | Tom A. Jerman (Bar No. 454960) |
|  | O'Melveny & Myers LLP |
|  | 1625 Eye Street, N.W. |
|  | Washington, D.C. 20036 |
|  | (202) 383-5233 |
| DATE: May 7, 2007 | Attorneys for Defendants |